## MULQUEEN v. CITY OF NEW YORK.

### THE EL MUNDO.

(District Court, E. D. New York. October 11, 1926.)

No. 6287.

Towage ⊜11(7)—Barge, colliding with canal cribbing through negligence of bridge tender towing it, held entitled to damages from bridge owner.

Barge, colliding with cribbing alongside canal, due to negligence of bridge tender in towing it at an excessive speed, in disregard of warning, *held* entitled to recover damages, notwithstanding sign, "Boats towed through without charge, at owner's risk."

In Admiralty. Libel by Thomas W. Mulqueen, owner of the coal barge El Mundo, against the City of New York. Decree for libelant.

Bigham, Englar & Jones, of New York City, for libelant.

George P. Nicholson, of New York City, for respondent.

MOSCOWITZ, J. The El Mundo was a coal barge, and up to the time of the accident was seaworthy. On February 11, 1923, this boat, loaded with a cargo of coal, had been lying in Wallabout Canal from about 2 a. m. to 8 a. m., waiting for the Washington Bridge, which is owned and operated by the city of New York, respondent herein, to open. The bridge is used for pedestrians and vehicular traffic. On the bridge is conspicuously displayed a sign, "Boats towed through without charge, at owner's risk." The bridge was opened by the respondent's bridge tenders, who informed the libelant that the boat would not be permitted to pass through the draw unless the same was pulled through the opening by a certain cable in the control of the respondent; that at the request of the employees of the respondent the libelant's line was made fast to a hook on a cable running from the engine room and operated by the respondent's bridge tender on the west side of the canal. After the line was made fast, one of the bridge tenders employed by the respondent started the machinery, which was controlled by electricity, and proceeded to pull the El Mundo across the canal.

The libelant protested to the bridge tender who was operating the cable that the boat was being pulled at too great a speed and asked him to "slow up"; but the bridge tender paid no attention to the request of the libelant, but continued pulling the El Mundo at the same rate of speed. In consequence of this the bow of the El Mundo was brought into collision with the wooden cribbing running along the side of the canal, and the stern of the El Mundo struck against the cribbing.

The libelant impresses me as being fairly competent and able to manage the barge. It appears that this accident was caused solely by reason of the negligence of the bridge tenders, by pulling the boat through the opening at an excessive rate of speed, and by failing to heed the warning of the libelant to slacken the speed, and thus causing the boat to collide with the wooden cribbing running along the canal.

Placing the sign upon the bridge that the towing was at the owner's risk does not relieve the respondent from its liability for negligence on the part of its employees. I find that the libelant was without fault, and that the damages were caused solely by reason of the negligence of the respondent. A decree may be entered in favor of the libelant against the respondent, with costs and the usual order of reference.

Settle decree on notice.